UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KINDA HOOSER, individually, and on behalf of the heirs of BILLY HOOSER, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAYNE; SIERRA NEVADA TRUCKING, LLC; VALLEY FINE FOODS; and JOHN and JANE DOES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [26] DEFENDANT'S MOTION FOR SANCTIONS**<br><br>Case No. 2:26-cv-00018-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendant Michael Jayne's Motion for Sanctions Against Plaintiff's Counsel.[1] Mr. Jayne requests sanctions to be entered against Plaintiff Kinda Hooser's Counsel ("Counsel") for their failure to mail Mr. Jayne a copy of Counsel's Motion for a Rule 16 Scheduling Conference.[2] For the reasons below, the court denies Mr. Jayne's motion.

**BACKGROUND**

Initially, Mr. Jayne and his trucking company, Sierra Nevada Trucking, LLC, ("Sierra Nevada") were represented by the same counsel in this action.[3] In February 2026, however, Mr. Jayne filed a notice with the court that he was representing himself going forward.[4] As a result, the court entered a docket entry on March 11, 2026, stating in relevant part, "Mr. Jayne

---

[1] Def's Mot. for Sanctions Against Pl.'s Counsel ("Mot."), ECF No. 26, filed Apr. 16, 2026.
[2] *Id.* 1–3.
[3] Notice of Pro Se Appearance on Behalf of Michael Jayne and Sierra Nevada Trucking, LLC, ("Pro Se Notice") 1– 4, ECF No. 19, filed Feb. 23, 2026.
[4] *Id.*

now appears pro se as to himself only. Copies of docket entries . . . are being mailed to him at address provided on his envelope and counsel should note that address is now on the docket and copies of filings will need to be provided to him going forward."[5]

On March 25, 2026, Plaintiff's counsel ("Counsel") filed a Motion for a Rule 16 Scheduling Conference ("Rule 16 Motion") but failed to mail Mr. Jayne a copy.[6] In their briefing, Counsel admit they overlooked the court's instructions because they were accustomed to the court's electronic filing system, which notifies parties automatically.[7] Counsel also acknowledged that the docket entry "was likely intended to avoid precisely this type of service issue" but argued that their failure to mail Mr. Jayne a copy was due to oversight rather than bad faith or misconduct.[8]

On April 6, 2026, the court denied the Rule 16 Motion without prejudice.[9] Even so, Mr. Jayne filed the Motion for Sanctions, in which he contends that the court should award sanctions against Counsel that include disqualifying Counsel's law firm from representing Ms. Hooser, dismissing the action with prejudice, and entering civil contempt against Counsel with a $10,000 fine.[10]

### STANDARD

Rule 16(f) of the Federal Rules of Civil Procedure allows a court to order sanctions when a "party or its attorney . . . fails to appear at a scheduling or other pretrial conference;" "is

---

[5] *See* Docket Entry, ECF No. 20, filed Mar. 11, 2026.
[6] *See* Mot. for Sched. Conf., ECF No. 22, filed Mar. 25, 2026; Pro Se Notice; Pl.'s Opp'n to Def.'s Mot. for Sanctions Against Pl.'s Counsel ("Opp'n") 2, ECF No. 28, filed Apr. 30, 2026.
[7] Opp'n 2.
[8] *Id.*
[9] Order Denying Without Prejudice Mot., ECF No. 25, filed Apr. 6, 2026.
[10] Mot. 4.

substantially unprepared to participate—or does not participate in good faith—in the conference;" or "fails to obey a scheduling or other pretrial order."[11] If any of these violations have occurred, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)."[12] Rule 37 applies when a party fails to make disclosures or cooperate in discovery.[13] Therefore, the sanctions described in Rule 37(b)(2)(A) describe remedies for violations of court orders related to discovery.[14]

## DISCUSSION

Mr. Jayne requests sanctions based on Rule 16(f) and Rule 37(b)(2)(A). As described above, those rules "authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference."[15] Neither scenario applies here. The basis for Mr. Jayne's request for sanctions is Counsel's failure to mail him a copy of a scheduling motion, not their failure to appear or participate in a scheduling conference. The purpose of Rule 16 is to ensure compliance with case management orders from the court, yet the court's docket entry on March 11, 2026 is not such an order, but simply a reminder to counsel that Mr. Jayne's incarcerated, pro se status has altered how he needed to be served.[16] Accordingly, Rule 16 does not apply here. Likewise, because Rule 37 applies only to discovery violations, not to service issues, Mr. Jayne's Rule 37 argument also fails.

---

[11] Fed. R. Civ. P. 16(f)(1).
[12] *Id.*
[13] *See generally* Fed. R. Civ. P. 37.
[14] *Id.* 37(b)(2)(A)(i)–(vii).
[15] *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing Fed. R. Civ. P. 16(f) & 37(b)(2)(C)).
[16] *See* ECF No. 20.

Furthermore, the relief Mr. Jayne seeks is not warranted here. For example, Mr. Jayne asks for dismissal of this case. "Before dismissing a case as a sanction, a district court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[17]

None of these factors favors Mr. Jayne. First, he experienced no actual prejudice because the court denied the Rule 16 Motion.[18] Second, the issue did not substantially interfere with the judicial process. Next, Counsel admit their mistake and reasonably assert it was an oversight.[19] Mr. Jayne has not produced evidence to the contrary that the failure was made in bad faith. Moreover, the court did not warn Counsel that failure to properly serve Mr. Jayne could result in dismissal of the case. Finally, lesser sanctions could be just as efficacious given Counsel's expressed intention to fully comply in the future.

Likewise, Mr. Jayne has not met his burden to show he is entitled to the other forms of relief—a $10,000 fine and disqualification of Counsel's law firm from this matter—he requests. As noted above, Mr. Jayne has not demonstrated actual prejudice from the failure to serve him a copy of the Rule 16 Motion, nor has he shown that it was done in bad faith. Consequently, the sanctions Mr. Jayne seeks are completely not warranted here.

---

[17] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (cleaned up).
[18] *See* ECF No. 25.
[19] Mot. 2–3.

## ORDER

Accordingly, Defendant's Motion for Sanctions is DENIED.[20]

Signed June 24, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[20] ECF No. 26.