Robert L. Janicki, #5493
Matthew A. Jones, #15792
STRONG & HANNI
9350 South 150 East, Suite 500
Sandy, Utah 84070
Telephone: (801) 532-7080
Facsimile: (801) 323-2090
rjanicki@strongandhanni.com
mjones@strongandhanni.com
*Attorneys for Defendant Valley Fine Foods*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KINDA HOOSER, individually, and on behalf of the heirs of BILLY HOOSER, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL JAYNE; SIERRA NEVADA TRUCKING, LLC; VALLEY FINE FOODS; and JOHN AND JANE DOES I-X,<br><br>    Defendants. | **DEFENDANT VALLEY FINE FOODS'S RULE 60(a) MOTION**<br><br>Case No. 2:26-cv-00018-DBB-DBP<br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

Defendant Valley Fine Foods (collectively "Valley"), by and through counsel and pursuant to Rules 7 and 60(a) of the Federal Rules of Civil Procedure, hereby respectfully request that the Court reconsider its Memorandum Decision and Order Granting in Part and Denying in Part [16] Defendant's Motion to Stay ("Order"). *See,* [Dkt 31]. In its Order, the Court grants Defendant Jayne's Motion to Stay [Dkt 16] as to Defendant Jayne and Defendant Sierra Nevada. *Id.* However, the Court denied the Motion as to Defendant Valley Fine Foods ("Valley"). *Id.* The basis of the

Court's denial as to Defendant Valley was that "Valley Fine did not join Mr. Jayne's motion and filed no brief on the stay issue." *Id.* at pg. 3.

However, Valley did in fact file a response to Plaintiff's Opposition to the Moton to Stay ("Response"). *See,* [Dkt 18]. Specifically, while Valley did not take a position on Defendants Michael Jayne and Sierra Nevada Trucking, LLC's Motion to Stay, Valley argued that to the extent the Court grants the Motion to Stay, the Court should stay the case in its entirety. *Id.* Plaintiff's Opposition argued that should the Court grant the Motion to Stay, the Court should allow the case to continue against the other defendants as there are "non-overlapping corporate-liability issues that can proceed regardless of Jayne's criminal case" and that "many claims, including those against corporate entities, do not depend on Jayne's testimony or on the outcome of the criminal prosecution." Valley vehemently disagreed with that argument. *Id.*

Moreover, Valley incorporated Defendants' Jayne and Sierra's arguments in support of the Motion, as if fully set forth in its Response. *See,* [Dkt 18]. Specifically, Valley argued that the factors the Court must consider in deciding whether to stay the civil proceedings weigh heavily in favor of a stay as outlined in the Motion to Stay. *Id.* Moreover, because Defendant Jayne has all but assured the Court he will be asserting his Fifth Amendment rights for the duration of the criminal proceedings, the Court must also consider the effect of Defendant Jayne's invocation of his Fifth Amendment rights on the remaining Defendants, including Valley. *Id.*

Further, Valley argued that if the matter was not stayed for all Defendants, Defendant Jayne's invocation of his Fifth Amendment rights would significantly prejudice Valley's defense. *See,* [Dkt 18]. Plaintiff's claim against Valley stem from Plaintiff's allegation that Defendant Jayne was "acting within the scope of his operational authority on behalf of Valley Fine Foods, LLC in

further of a contract with Valley – because he was conducting a delivery." *Id.* Valley vehemently denies that it is vicariously liable for the actions of Defendant Jayne and/or that it had any contractual or other relationship with Defendant Jayne. *Id.* Assuming, *arguendo,* that there was a relationship between Defendant Jayne and Valley in which Valley could be vicariously liable for Defendant Jayne's actions, Valley argues that Defendant Jayne's actions went beyond his scope of authority thereby releasing Valley from liability. *Id.* Defendant Jayne is the only person with direct knowledge regarding his actions on the date of the incident. If Defendant Jayne does not testify and assist in this matter, Valley will be substantially prejudiced as they will be essentially left with no direct evidence to counter Plaintiff's allegations.

Under Federal Rule of Civil Procedure 60(a), a Court "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The court may do so on motion or on its own, with or without notice. *Id.* Valley respectfully believes there has been an oversight based on the Court's ruling in its Order. For the reasons set forth in the Motion and above, Valley respectfully requests that the Court reconsider its Order and stay the entire case, including the case against Valley, as the Court has granted Defendants Jayne and Sierra's Motion to Stay.

DATED this 25th day of June, 2026.

STRONG & HANNI

/s/ Matthew A. Jones
Robert L. Janicki
Matthew A. Jones
Devin H. Geier
*Attorneys for Defendant Valley Fine Foods*

## MAILING CERTIFICATE

I hereby certify that on the 25th day of June, 2026, a true and correct copy of the foregoing

**DEFENDANT VALLEY FINE FOODS'S RULE 60(a) MOTION** was filed using the court's

electronic filing system, which sent notice to the following:

Bret W. Rawson
Nate N. Nelson
Daniel J. Balser
NELSON JONES, PLLC
1085 West 9000 South, Suite 300
West Jordan, Utah 84088
bret@nelsonjoneslegal.com
nate@nelsonjoneslegal.com
daniel@nelsonjoneslegal.com
*Attorneys for Plaintiff*

J.G. Askar
ASKAR LAW, PLLC
7533 South Center View Ct., #4615
West Jordan, Utah 84084
jamshid@askarddefense.com
*Attorney for Defendants Michael Jayne and Sierra Nevada Trucking, LLC*

A copy of the foregoing was served upon the following via traditional means:

Michael Jayne, #442947
3075 N. Main St.
Spanish Fork, Utah 84660

[X] via U.S. mail, postage prepaid
[ ] via hand delivery
[ ] via email transmission
[ ] via E-filing

*/s/ Stephanie Rosiles*

4