UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KINDA HOOSER, individually, and on behalf of the heirs of BILLY HOOSER, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAYNE; SIERRA NEVADA TRUCKING, LLC; VALLEY FINE FOODS; and JOHN and JANE DOES I-X,<br><br>Defendants. | **AMENDED MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [16] DEFENDANT'S MOTION TO STAY**<br><br>Case No. 2:26-cv-00018-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendant Michael Jayne's Motion to Stay.[1] Mr. Jayne seeks a stay of this case while his related criminal proceeding is pending. Plaintiff Ms. Hooser opposes the motion.[2] For the reasons below, the court grants in part and denies in part Mr. Jayne's motion and stays this case in part pending the resolution of his criminal matter.

## BACKGROUND

In the Fourth District Court of Utah, Ms. Hooser filed this wrongful death action on behalf of her deceased husband, Billy Hooser.[3] In the Complaint, Ms. Hooser asserts eleven state-law claims against Mr. Jayne, Sierra Nevada Trucking, LLC ("Sierra Nevada"), and Valley Fine Foods ("Valley Fine").[4]

---

[1] Def's Mot. to Stay ("Mot."), ECF No. 16, filed Feb. 23, 2026.
[2] Pl.'s Opp'n to Mot. to Stay ("Opp'n"), ECF No. 17, filed Mar. 9, 2026. Valley Fine did not join in Mr. Jayne's Motion or respond to it directly. Instead, it filed a response to Plaintiff's Opposition to the Motion to Stay. *See* ECF No. 18, filed Mar. 10, 2026.
[3] *See* Notice of Removal, Ex. 1 ("Compl.") 1, ECF No. 1-1, filed Jan. 7, 2026.
[4] *See* Compl. 4–13.

The charges stem from an incident in May 2024 that resulted in the tragic death of Mr. Hooser, a Santaquin police officer.[5] Mr. Hooser had responded to an emergency call about a semi-truck operated by Mr. Jayne.[6] When Mr. Hooser and other law enforcement officers began to approach the truck, Mr. Jayne attempted to drive away and struck Mr. Hooser with the truck, fatally injuring him in the line of duty.[7]

The State of Utah filed criminal charges against Mr. Jayne for the incident, including a capital charge of aggravated murder, for which the State is seeking the death penalty.[8] Mr. Jayne remains incarcerated during the pendency of the criminal matter.[9] At the time of the incident, Mr. Jayne was the sole member and owner of Sierra Nevada and was transporting a load for Valley Fine from California to Illinois.[10] Valley Fine, a California corporation with its principal place of business in California, petitioned to remove the wrongful death action to federal court based on diversity jurisdiction.[11] On January 7, 2026, the action was removed to federal court.[12]

## STANDARD

A district court has broad discretion to stay proceedings in a civil case while a parallel criminal proceeding is pending.[13] "Generally, the Constitution does not require a stay of civil proceedings while parallel criminal proceedings are ongoing, unless there exists 'substantial

---

[5] *Id.* ¶¶ 10–18.

[6] *Id.* ¶ 12.

[7] *Id.* ¶¶ 15–18.

[8] *See* State's Notice of Intent to Seek the Death Penalty in Crim. Case No. 241401620, Fourth Judicial District of Utah ("State Case"), Docket No. 142, filed Oct. 2, 2024.

[9] *See* Order to Hold Without Bail, Docket No. 3 in State Case, filed May 15, 2024.

[10] *Id.* ¶¶ 22–23.

[11] Notice of Removal 1–2, ECF No. 1, filed Jan. 7, 2026. Mr. Jayne is a resident of Indiana and Sierra Trucking is an Oregon corporation with its principal place of business in Oregon. *See id.* ¶¶ 3–4.

[12] *See generally* Notice of Removal, ECF No. 1, filed Jan. 7, 2026.

[13] *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citing *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

prejudice to a party's rights.'"[14] Although a defendant "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege," a court "must consider the extent to which a party's Fifth Amendment rights are implicated."[15] A district court may also stay a civil proceeding "in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy."[16]

The party seeking a stay bears the burden to "demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party."[17]

## DISCUSSION

Mr. Jayne contends that his Fifth Amendment right not to incriminate himself in his capital murder case is at risk if the court does not stay this wrongful death action while the criminal proceeding is pending.[18] He asks the court to stay this matter under both the *Younger* abstention doctrine and the court's inherent authority.[19] In response, Ms. Hooser argues that *Younger* abstention is inapplicable and that a stay is not warranted because less drastic alternatives exist.[20] Valley Fine did not join Mr. Jayne's motion but filed a response to Ms. Hooser's opposition ("Response") in which it "does not take a position" on the Motion to Stay but also argues that if the court grants a stay, the case should be stayed in its entirety.[21]

---

[14] *Eze v. City of Las Cruces*, No. 1:23-cv-00976, 2026 WL 1121952, at *1 (D.N.M. Apr. 24, 2026) (quoting *Ben Ezra*, 206 F.3d at 987).

[15] *Creative Consumer Concepts*, 563 F.3d at 1080 (internal quotation marks and citation omitted).

[16] *Id.*

[17] *Ben Ezra*, 206 F.3d at 987 (quoting *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1985)).

[18] Mot. 5–7.

[19] Mot. 4–5, 11–16.

[20] Pl.'s Opp'n to Mot. to Stay ("Opp'n") 5, ECF No. 17, filed Mar. 9, 2026.

[21] Def. Valley Fine Foods' Resp. to Pl.'s Opp'n to Def.'s Mot. to Stay ("Valley Fine Response") 1–2, ECF No. 18, filed Mar. 10, 2026.

### I.      *Younger* Abstention Doctrine

The *Younger* doctrine "provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'"[22] The Supreme Court limits the *Younger* doctrine to three categories of cases: "(1) criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."[23] Because the related state action here is an ongoing criminal prosecution, it fits the *Younger* category of cases.[24]

In the Tenth Circuit, a district court must abstain from exercising jurisdiction if the following elements are met:

> (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state proceedings to raise the federal claims.[25]

Mr. Jayne has merely invoked this doctrine without analyzing these elements or providing any argument at all about why it should be applied. When "a party appears pro se, we construe his arguments liberally, but we cannot make his arguments for him."[26] Thus, the court declines to address whether *Younger* abstention applies.[27]

---

[22] *Bellinsky v. Galan*, 2025 WL 2047809, at *3 (10th Cir. 2025) (quoting *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020)). *See generally Younger v. Harris*, 401 U.S. 37 (1971).

[23] *Bellinsky*, 2025 WL 2047809, at *3 (quoting *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989)), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

[24] *See id.*

[25] *N. Nat. Gas Co. v. Trans Pac. Oil Corp.*, 529 F.3d 1248, 1252 (10th Cir. 2008) (quoting *Southwest Air Ambulance v. City of Las Cruces*, 268 F.3d 1162, 1178 (10th Cir. 2001)).

[26] *United States v. Benton*, 621 F. App'x 555, 555 (10th Cir. 2015) (mem.) (citing *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)).

[27] Instead of providing reasoned analysis, Mr. Jayne devotes the majority of his briefing to speculative accusations of conspiracy against him that are unhelpful and unnecessary for the court to consider.

## II.    Six-Factor Test for Motions to Stay

However, a discretionary stay is warranted by the six-factor test that courts in the Tenth Circuit have developed to determine whether to grant a stay:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.[28]

### A.    Extent of the Overlap

First, the extent of overlap between the two cases favors a stay. Despite Ms. Hooser's attempt to distinguish this civil case from the underlying criminal proceeding, the court finds that the overlap clearly is significant.[29] The two matters share the same set of facts since both the criminal charges and those in this action stem from the same underlying incident. In the criminal case, Mr. Jayne is charged, in part, with one count of aggravated murder, "a Capital Felony," for "intentionally or knowingly caus[ing] the death of another individual . . . [who] was on duty in a verified position [and] the actor knew, or reasonably should have known, that the deceased individual holds or has held the position of a peace officer."[30] Similarly, Ms. Hooser's wrongful death claim in this case alleges that Mr. Jayne "owed a duty of care to operate his commercial vehicle lawfully, safely, and without endangering the lives of others, including law enforcement officers lawfully performing their duties," and that Mr. Hooser "was killed as a direct and

---

[28] *Windham for Marquis Props., LLC v. Snyder*, No. 2:18-cv-00063, 2018 WL 4100512, at *3 (D. Utah Aug. 28, 2018); *M.D. Diet Weight Loss & Nutrition Clinic, LC v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-cv-605, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006); *Eze*, 2026 WL 1121952, at *2; *Urrutia v. Montoya*, No. 16-00025, 2016 WL 9777168, at *1 (D.N.M. June 29, 2016).

[29] Opp'n 5.

[30] Am. Info. in State Case, Docket Entry No. 107, filed Aug. 27, 2024; Utah Code § 76-5-202.

proximate result of the wrongful, intentional and/or reckless actions of the Defendants."[31] This critical overlap strongly favors a stay because "self-incrimination is more likely if there is a significant overlap."[32]

### B.    Status of the Criminal Case

Likewise, the status of the criminal case favors a stay. "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter."[33] This is because "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and . . . the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations."[34] That is precisely the scenario here where Mr. Jayne already has a criminal proceeding—a capital murder case—underway based on the same facts as this matter, and the victim has moved the state court for a speedy trial.[35] Accordingly, this factor strongly favors a stay.

### C.    Balancing of Interests

The remaining factors require the court to consider how a stay would affect the interests of the parties, the court, and the public. As part of this inquiry, the court considers whether the balance of interests favors a stay against all defendants or a stay against only Mr. Jayne and Sierra Nevada.

---

[31] Compl. ¶¶ 26–27.

[32] *M.D. Diet Weight Loss & Nutrition Clinic, LC*, 2006 WL 2471524, at *1 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 866 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

[33] *Windham*, 2018 WL 4100512, at *3 (quotation marks and citations omitted). *See also SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980) (concluding that the "strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned").

[34] *M.D. Diet Weight Loss & Nutrition Clinic, LC*, 2006 WL 2471524, at *1 (citation omitted).

[35] *See* Victim's Demand for a Speedy Trial, Docket No. 328 in State Case, filed June 20, 2025.

A stay of this action while the criminal matter proceeds "may narrow the issues in this case and streamline discovery, which would ultimately benefit this case and expedite resolution."[36] Thus, a stay weighs in favor of all the interests involved. Moreover, both Mr. Jayne and Ms. Hooser have filed demands for a speedy trial in the criminal proceeding, which cuts against Ms. Hooser's brief assertion that she will be prejudiced by a delay of this action.[37] Although Ms. Hooser clearly has a "legitimate interest in the expeditious resolution of [her] case," that interest is outweighed by Mr. Jayne's "significant interest in avoiding the quandary of choosing between waiving his Fifth Amendment rights or effectively forfeiting the civil case."[38] And finally, "while the Court and the public have an interest in the swift resolution of civil litigation, interests in the prompt and fair resolution of criminal matters take precedence."[39]

The final question, then, is whether the stay should extend to Valley Fine. The court is unpersuaded that a discretionary stay need apply to Valley Fine at this time.[40] As noted above, "the Constitution does not require a stay of civil proceedings while parallel criminal proceedings are ongoing, unless there exists 'substantial prejudice to a party's rights.'"[41] Valley argues that it cannot fully defend against the allegation that Mr. Jayne "was acting within the scope of his operational authority on behalf of Valley Fine Food, LLC in furtherance of a contract" without Mr. Jayne's testimony and assistance.[42] But the question before the court is not whether Valley Fine may eventually wish to propound discovery against Mr. Jayne and Sierra Nevada before the

---

[36] *Windham*, 2018 WL 4100512, at *4.
[37] Opp'n 5. *See* Docket No. 328 & Def's Demand for a Speedy Trial in State Case, filed Mar. 24, 2025.
[38] *Transworld Mech., Inc.*, 866 F. Supp. at 1140.
[39] *Id.* at *5 (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).
[40] *See generally* Valley Fine Response.
[41] *Eze*, 2026 WL 1121952, at *1 (quoting *Ben Ezra*, 206 F.3d at 987).
[42] *Id.* 2–3.

case is decided. Instead, the question is whether substantial prejudice would result from discovery being propounded against Valley Fine. Valley Fine does not address this. The court sees no reason why relevant evidence in Valley Fine's possession should not be obtained and preserved at this time. For these reasons, Valley Fine has not demonstrated that its rights would be substantially prejudiced in the absence of a stay.

In sum, these factors favor a stay against Mr. Jayne and Sierra Nevada, but not against Valley Fine, to ensure fair, efficient proceedings in both cases here.[43]

**ORDER**

Accordingly, Defendant's Motion to Stay is GRANTED IN PART.[44] The case is STAYED as to Mr. Jayne and Sierra Nevada pending the resolution of the criminal matter against Mr. Jayne. However, the Motion to Stay is DENIED as to Valley Fine, and discovery may proceed on the claims against Valley Fine. The parties are directed to notify the court in writing within ten (10) days of the resolution of Mr. Jayne's criminal proceeding so that the stay can be lifted against him and Sierra Nevada, and this case can then immediately proceed against them.

Signed June 29, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[43] Ms. Hooser suggests that the court should also consider if "less drastic alternatives exist" and cites *Bidwell v. Salt Lake City*, 2:23-cv-00888, 2024 WL 4681889 (D. Utah Nov. 5, 2024) as a case that denied a stay on the basis that less drastic alternatives existed. *See id.* at *4. However, equally important to the court's denial of a stay was the fact that criminal charges had not been filed, which differentiates this nonbinding case.
[44] ECF No. 16.