NATE NELSON (Bar No. 13307)
MILES W. MILLARD (Bar No. 12596)
**NELSON JONES, PLLC**
1085 West 9000 South, Suite 300
West Jordan, UT 84088
Tel: (801) 981-8779
Fax: (801) 505-0360
nate@nelsonjoneslegal.com
miles@nelsonjoneslegal.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KINDA HOOSER, individually, and on behalf of the heirs of BILLY HOOSER, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JAYNE; SIERRA NEVADA TRUCKING, LLC; VALLEY FINE FOODS; and JOHN AND JANE DOES I-X,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR CLARIFICATION OF THE SCOPE OF THE STAY**<br><br>Case No. 2:26-cv-00018-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

COMES NOW, Plaintiff KINDA HOOSER, by and through undersigned counsel of Nelson Jones PLLC, pursuant to Fed. R. Civ. P. 7(b) and DUCivR 7-1, and hereby moves the Court for clarification of the scope of the stay entered in its Amended Memorandum Decision and Order, ECF No. 34, filed June 29, 2026 (the "Order").

**RELEVANT BACKGROUND**

On February 23, 2026, Jayne, appearing pro se on behalf of himself and Sierra Nevada, moved to stay this action pending resolution of the capital murder prosecution against him in the

1

Fourth Judicial District Court. Plaintiff opposed the motion on March 9, 2026. The Court entered its original Memorandum Decision and Order on June 25, 2026, withdrew that order pending Valley Fine Foods' Rule 60(a) motion, and entered the Amended Order on June 29, 2026.

The Order declines to reach Younger abstention because Jayne merely invoked the doctrine without developing it. Applying the six-factor discretionary-stay test, the Order stays this action as to Jayne and Sierra Nevada pending resolution of the criminal matter, denies a stay as to Valley Fine, and directs the parties to notify the Court within ten days of the resolution of the criminal proceeding so the stay can be lifted.

Each of the Order's substantive findings concerns Jayne personally. The overlap factor turns on the identity between the aggravated murder charge against Jayne and the wrongful death claim against him. The status factor turns on Jayne's indictment and the risk that he will make incriminating statements. The balancing of interests turns on Jayne's "significant interest in avoiding the quandary of choosing between waiving his Fifth Amendment rights or effectively forfeiting the civil case." *See* Order at 7 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, Inc., 866 F. Supp. 1134, 1140 (S.D.N.Y. 1995)). The Order frames the remaining question as "whether the balance of interests favors a stay against all defendants or a stay against only Mr. Jayne and Sierra Nevada," treating Jayne and Sierra Nevada as a single unit throughout. *Id*. However, the Order does not analyze whether Sierra Nevada, in its own right, would suffer substantial prejudice absent a stay. That is the inquiry the Order does undertake for Valley Fine, and resolves against a stay. *Id*.

Plaintiff does not seek reconsideration of any of these findings, but clarification as to the scope of the stay. Plaintiff does not seek Jayne's deposition, his sworn answers to interrogatories,

2

his responses to requests for admission, or any document production from Jayne that would carry testimonial act-of-production significance. All discovery requiring anything from Jayne personally remains stayed. Plaintiff asks only that the Court clarify that the stay does not reach Sierra Nevada's corporate records and witnesses other than Jayne.

## ARGUMENT

### I. The Fifth Amendment Privilege the Order Protects Is Personal to Jayne, and Sierra Nevada Has No Privilege of Its Own

The privilege against self-incrimination protects natural persons only. A corporation, partnership, LLC, or other collective entity cannot invoke it. *Bellis v. United States*, 417 U.S. 85, 89-90 (1974); *Braswell v. United States*, 487 U.S. 99, 108-10 (1988). Sole ownership does not change this rule. A custodian who is the entity's only shareholder, officer, member, or employee still may not withhold the entity's records on Fifth Amendment grounds, because the act of production is deemed the entity's act rather than the individual's. *Amato v. United States*, 450 F.3d 46, 51 (1st Cir. 2006).

The only business form outside this rule is the sole proprietorship, which has no legal existence apart from its owner. *United States v. Doe*, 465 U.S. 605 (1984). Sierra Nevada is not a sole proprietorship, but a limited liability company organized in Oregon, with an institutional identity distinct from Jayne.[1] Jayne's sole ownership makes him the likely source of testimony about Sierra Nevada's operations. It does not convert Sierra Nevada's business records into his personal papers, and it does not give the entity a privilege the Constitution withholds from it.

---

[1] Oregon Secretary of State records reflect that Sierra Nevada Trucking, LLC was administratively dissolved effective February 13, 2025, after the Incident. Administrative dissolution does not extinguish the entity's capacity to sue or be sued or excuse it from discovery obligations; a dissolved Oregon LLC continues in existence to wind up its affairs, including defending and prosecuting litigation arising from its operations. Or. Rev. Stat. § 63.637.

Plaintiff acknowledges the one reservation in this line of authority. *Braswell* left open whether a custodian who can show he is the entity's sole employee and officer, such that a factfinder "would inevitably conclude that he produced the records," might resist production on act-of-production grounds. 487 U.S. at 118. That reservation is why Plaintiff has drawn this motion narrowly. Rather than seeking production by Jayne himself, Plaintiff asks to obtain Sierra Nevada's records from custodians other than Jayne, and will defer any category of records for which Jayne is the sole custodian until the stay lifts.

### II. Kordel Requires a Corporate Party in Sierra Nevada's Position to Respond to Civil Discovery Through an Agent Who Can Answer Without Self-Incrimination

The Supreme Court has addressed this exact posture: a corporation facing civil discovery while a criminal proceeding looms over its principals. In *United States v. Kordel*, 397 U.S. 1 (1970), the corporation received civil interrogatories after being notified of a contemplated criminal prosecution arising from the same transactions. The Court held the corporation "had no privilege of its own," and that service of the interrogatories "obliged the corporation to appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." *Id.* at 7-8. The corporate officers retained their personal privilege and could assert it individually. *Id.* But the entity's discovery obligations survived. Relief from those obligations required the responding parties to show "that there was no authorized person who could answer the interrogatories without the possibility of compulsory self-incrimination," a showing the *Kordel* respondents never attempted. *Id.* at 9-10.

*Kordel*'s framework maps directly onto this case. Jayne keeps his privilege in full. Sierra Nevada, which has none, remains subject to discovery through any agent, custodian, bookkeeper, insurance broker, or registered agent who can respond without incriminating himself. If Sierra

4

Nevada contends that no such person exists for a given category of records, that is a specific showing to be made as to that category, not a basis for suspending all discovery into the entity categorically. This division of labor also tracks *Curcio v. United States*, which distinguishes between an entity's records, which must be produced, and a custodian's oral testimony, which the privilege continues to protect. 354 U.S. 118, 123-24 (1957). Plaintiff asks to distinguish between Sierra Nevada's records and non-Jayne witnesses and anything requiring Jayne's testimony.

Plaintiff's opposition to the Motion to Stay already invoked *Kordel* for the related proposition that parallel proceedings are an ordinary feature of litigation rather than a basis to halt the civil case. *See* Opposition at 4. The clarification requested here asks nothing more than that *Kordel*'s treatment of the corporate party be given effect alongside the Order's protection of the individual.

### III. The Order's Treatment of Valley Fine Confirms That the Stay Should Not Reach Sierra Nevada's Records and Non-Jayne Witnesses

The Order applied the correct test to Valley Fine. It asked "whether substantial prejudice would result from discovery being propounded against Valley Fine," observed that Valley Fine made no such showing, and concluded there was "no reason why relevant evidence in Valley Fine's possession should not be obtained and preserved at this time." Order at 7-8. That inquiry follows the Tenth Circuit's controlling standard: absent "substantial prejudice to a party's rights," the Constitution does not require a stay of civil proceedings during a parallel criminal case. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).

Sierra Nevada stands in the same position as Valley Fine on this record. It is a corporate defendant. Its own constitutional rights are not implicated by Jayne's criminal exposure, because it has no privilege to implicate. Neither Jayne's motion nor the Order makes any showing or finding

5

that Sierra Nevada itself would suffer substantial prejudice from discovery limited to its records and to witnesses other than Jayne. The evidence-preservation rationale the Order applied to Valley Fine applies with equal force to Sierra Nevada: dispatch logs, driver-qualification files, maintenance records, insurance policies, and financial records exist now and should be obtained and preserved now, while Jayne's testimony waits for the criminal case to conclude.

Reading the stay to reach Jayne's testimony but not Sierra Nevada's records gives full effect to every finding the Order makes and to the constitutional interest it protects. Reading the stay more broadly would immunize corporate records that no privilege covers, on the strength of an analysis the Order never set out. Clarification now also avoids piecemeal disputes. Without it, the parties will litigate category by category whether each request for Sierra Nevada's records or each non-Jayne witness falls inside or outside the stay, while discovery against Valley Fine proceeds on the same operative facts.

Plaintiff accordingly requests clarification that the following may proceed notwithstanding the stay: (1) production of Sierra Nevada's corporate and business records by a records custodian, bookkeeper, insurance broker, registered agent, or other person other than Jayne, with any category lacking a non-Jayne custodian deferred until the stay lifts; (2) depositions and written discovery directed at Sierra Nevada employees, dispatchers, insurance representatives, and other witnesses who are not Jayne, including any of the entity's founding members, organizers, and/or original registered agents; and (3) publicly available and third-party regulatory records concerning Sierra Nevada's operating authority and compliance history, which require no participation by Jayne at all.

**IV. Conclusion**

The stay protects a privilege that belongs to Jayne and to no one else. Sierra Nevada has no Fifth Amendment rights, its records are not Jayne's personal papers, and the Order contains no finding that discovery into the entity would prejudice anyone. For the foregoing reasons, Plaintiff respectfully requests that the Court clarify that the stay extends to discovery requiring Jayne's personal testimony or testimonial acts of production, and does not extend to Sierra Nevada's corporate records producible by non-Jayne custodians, to non-Jayne witnesses, or to public and third-party records concerning Sierra Nevada. In all other respects the Order should remain in full force and effect.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court clarify that the stay applies only to discovery requiring Michael Jayne's personal testimony or testimonial act of production and does not prohibit: (1) production of Sierra Nevada Trucking, LLC's records by non-Jayne custodians; (2) discovery directed to witnesses other than Jayne; or (3) discovery of public and third-party records concerning Sierra Nevada.

DATED this 14th day of July, 2026.

**NELSON JONES PLLC**

*/s/ Nate N. Nelson*
NATE N. NELSON
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2026, I served a true and correct copy of the foregoing Motion by United States mail, postage prepaid, upon the following:

| | |
|---|---|
| Michael Jayne - 442974<br>3075 N. Main Street<br>Spanish Fork, UT 84660<br>*Pro se* | (X) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>( ) E-File<br>( ) Email |

I FURTHER CERTIFY that, due to technical difficulties with the Court's CM/ECF system, I electronically filed the foregoing with the Court on July 15, 2026, one day after service by certified mail to Defendant Michael Jayne, which caused electronic notice to be sent to the following:

| | |
|---|---|
| Robert L. Janicki<br>Matthew A. Jones<br>Strong & Hanni<br>9350 S 150 E Ste 820<br>Sandy, UT 84070<br>*Attorneys for Valley Fine Foods* | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) E-File<br>( ) Email |
| Jamshid Askar<br>Askar Law PLLC<br>948 E Deer Arch Ln<br>Draper, UT 84020<br>*Attorney for Sierra Nevada Trucking LLC* | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>(X) E-File<br>( ) Email |

*/s/ Nate N. Nelson*
NATE N. NELSON
***Attorney for Plaintiff***