THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KINDA HOOSER, individually, and on behalf of the heirs of BILLY HOOSER, deceased,<br><br>Plaintiff,<br>v.<br><br>MICHAEL JAYNE; SIERRA NEVADA TRUCKING, LLC; VALLEY FINE FOODS; and JOHN AND JANE DOES I-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL<br><br>Case No. 2:26-cv-00018-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Defendant's Motion to Disqualify Plaintiff's Counsel.[1] Plaintiff claims disqualification is warranted based on a conflict of interest. As set forth herein, the court denies the Motion because Defendant fails to carry the heavy burden of showing that disqualification is required.

"Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear." [2] Attorneys practicing before this court are bound by the court's Local Rules of Practice, the Utah Rule of Professional Conduct, and the Utah Standards of Professionalism and Civility.[3] Second, the court also applies the standards developed under federal law "because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, …."[4]

---

[1] Motion to Disqualify, ECF No. 39. This case is referred to the undersigned by District Judge David Barlow pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 13.

[2] *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994).

[3] DUCivR 83-1.1.

[4] *Id.*

The moving party bears the burden of establishing disqualification is necessary.[5] To satisfy this burden, the moving party cannot rely on conclusory allegations or speculative conflicts.[6] Such a heavy burden is warranted because "disqualification of counsel is a drastic measure and a court should hesitate to impose it except when necessary."[7] "[F]ederal courts have treated a motion for disqualification as one that should only rarely be granted. A motion to disqualify is to be viewed with extreme caution, but recognizing the possible unfair advantage that may result depending on the circumstances."[8]

Defendant Michael Jayne, proceeding pro se, contends that disqualification of Plaintiff's counsel, Nate Nelson and Nelson Jones PLLC, is required based on a "clear and dire conflict of interest."[9] Mr. Jayne notes that Plaintiff's counsel are the attorneys for the Fraternal Order of Police (FOP) in Utah and have client relationships with numerous investigators on an active criminal prosecution of Mr. Jayne. Mr. Jayne asserts this is a violation of Rule 1.7 of the Utah Rules of Professional Conduct. Rule 1.7(a) provides,

> "[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if
> (1) The representation of one client will be directly adverse to another client; or
> (2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."[10]

The court is not persuaded by Mr. Jayne's arguments for several reasons.

---

[5] *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994).

[6] *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) ("[A] speculative conflict is insufficient for disqualification.").

[7] *Id.*

[8] *Parkinson*, 857 F. Supp. at 1480 (citation modified).

[9] Motion to Disqualify at 1.

[10] UT R RPC Rule 1.7.

First, under the plain language of this rule, Mr. Jayne's argument fails because he does not identify any Nelson Jones client whose interests are directly adverse to Plaintiff. Next, representation of the FOP does not, by itself, lead to disqualifying counsel. This court rejected the argument that representing the FOP equates to representing "each and every FOP member in matters unrelated to FOP business."[11] Mr. Jayne's similar argument in this case is likewise rejected. Third, as noted by Plaintiff, Mr. Jayne "identifies no particular representation, confidential information, divided loyalty, or competing duty that materially limits Nelson Jones's representation of Plaintiff."[12] Finally, Defendant's remaining accusations are conclusory allegations or speculative conflicts that do not meet the burden necessary to disqualify Plaintiff's counsel.

ORDER

Defendant's Motion to Disqualify Counsel is DENIED.

DATED this 9 November 2026.

Dustin B. Pead
United States Magistrate Judge

[11] *Evans v. Taylorsville City*, No. 2:06-CV-00631-TS-PMW, 2007 WL 2892629, at *3 (D. Utah Sept. 28, 2007).

[12] Opposition at 3.